**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE M. REID,<br><br>                    Plaintiff,<br><br>    v.<br><br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-05291<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Denise M. Reid ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda"), complaining of I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

1

jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California, and Defendant conducts business in the Northern District of California and maintains significant business contacts in the Northern District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3) and resided in the Northern District of California.

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this cause of action, Plaintiff resided at a rented apartment unit at Rumrill Garden Apartments.

8. After Plaintiff's apartment lease ended and she moved out, Rumrill Garden Apartments charged her approximately $4,000 for alleged property damage ("subject debt").

9. Plaintiff disputed the validity of the subject debt with Rumrill Garden Apartments and did not make payments since she did not believe the debt was valid.

10. Sometime thereafter, Defendant acquired the right to collect on the defaulted subject debt.

11. In early 2019, Plaintiff started to receive phone calls from Defendant to her cellular

phone number (510) XXX-0578, attempting to collect the subject debt.

12. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 0578. Plaintiff is and has always been financially responsible for this telephone and its services.

13. Soon after the calls began, Plaintiff answered a call from Defendant and requested that Defendant stop calling and only communicate in writing.

14. Failing to acquiesce to Plaintiff's demand to communicate with her only in writing, Defendant continued to call Plaintiff's cellular phone.

15. In June 2020, Plaintiff answered another call from Defendant. During this telephone call, Plaintiff advised that the approximately $4,000 in property damage was not the correct amount and Plaintiff once again disputed the subject debt. Defendant's representative requested that Plaintiff send a dispute letter to Defendant.

16. Subsequently thereafter, Plaintiff sent the dispute letter to Defendant; however, Defendant failed to provide a response.

17. On July 31, 2020, Plaintiff placed a call to Defendant to request the reason as to why she never received a response to her dispute.

18. During this call, Defendant's representative stated that they can try and do a hardship program for the outstanding subject debt. Plaintiff was advised that the resolution from the hardship program would be approximately $3,000. Plaintiff expressed her concern that the hardship amount was still too high as no damage was caused to her apartment. In response, Defendant's representative informed Plaintiff that she would need to obtain legal representation.

19. Failing to acquiesce to Plaintiff's demands that it stop calling her cellular phone and to only communicate in writing, Defendant continued to call Plaintiff without her consent numerous times between early 2019 and the present day.

20. Defendant mainly used the phone number (510) 274-6352 to place harassing phone calls to Plaintiff's cellular phone, but upon information and belief, it may have used other phone numbers to contact Plaintiff.

21. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

### DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25. Moreover, Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, harassment, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

30. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(5), e(10), and g through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her via telephone calls, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

   **b. Violations of FDCPA § 1692d**

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

37. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the

5

collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from early 2019 through the present day.

### c. Violations of FDCPA § 1692e

38. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the subject det.

39. Defendant violated §1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken. Defendant threatened Plaintiff with a lawsuit when they informed Plaintiff that she will need legal representation. By indicating to Plaintiff that she should seek legal representation, Defendant inferred that it would bring a lawsuit against her, despite Defendant not intending to do so. Defendant attempted to dragoon Plaintiff into paying a debt that she disputed.

40. Defendant violated §1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely represented that Plaintiff would need to seek legal representation if she did not pay the approximately $3,000 under the hardship program for the subject debt. By indicating to Plaintiff that she should seek legal representation, Defendant inferred that it would bring a lawsuit against her, despite Defendant not intending to do so. Defendant attempted to dragoon Plaintiff into paying a debt that she disputed. Defendant continued to place to Plaintiff after she requested Defendant cease calling.

### d. Violations of FDCPA § 1692g

41. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Plaintiff requested that

6

Defendant send him a debt validation letter, and to this day she has not received any written communication from Defendant.

42. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

43. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, DENISE M. REID respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

46. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

47. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(e)**

48. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

49. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she informed them she wanted the calls to cease. This repeated behavior of

7

systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment, even though Plaintiff disputed the debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

50. Upon being told to stop contacting Plaintiff via telephone calls, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, DENISE M. REID, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 31, 2020                                          Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*